**Alan C. REED, Plaintiff,**

v.

**CITY OF TEXAS CITY, Defendant.**

**CIVIL ACTION 3:14-CV-0294**

United States District Court,
S.D. Texas, Galveston Division.

Signed July 10, 2015

Alan C. Reed, Liberty, MO, pro se.

Brian Joseph Begle, John Joseph Hightower, Scott Bounds, Olson & Olson LLP, Houston, TX, for Defendant.

### MEMORANDUM AND ORDER

GEORGE C. HANKS, JR., UNITED STATES DISTRICT JUDGE

Pending before the Court is Defendant City of Texas City's ("Texas City") Motion to Dismiss Plaintiff Alan Reed's ("Reed") Amended Complaint. Dkt. 18. After considering the Motion, all relevant filings, and the applicable law, the Court finds that Defendant's Motion (Dkt. 18) is hereby **GRANTED**. Accordingly, it is **ORDERED** that all claims against Defendant Texas City are hereby **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

According to the Amended Complaint, Plaintiff Alan Reed, along with his parents Darlene and Vernon Reed, were on a two-day trip to Texas from Missouri to attend a funeral. Dkt. 15 at ¶ 5. On September 13, 2012 at approximately 10:30 P.M., Vernon and Darlene Reed stopped their vehicle in the street "about three or four inches from the curb to look at a map." *Id.* at ¶ 11. Alan Reed, driving in a separate vehicle, came to a stop behind his parents. *Id.* Almost immediately, a police vehicle with flashing lights approached Vernon and Darlene Reed's vehicle, and they proceeded to the nearest parking lot. *Id.* at ¶ 13. Plaintiff Alan Reed proceeded to an adjacent parking lot, where he was followed by yet another police vehicle. *Id.* at ¶ 13-14.

A female officer approached Plaintiff and asked for his driver's license, which he produced by rolling down the window about a third of the way. *Id.* at ¶ 15-16. The officer then asked Plaintiff to roll down the window all the way, but he did not comply. *Id.* at ¶ 17. Next, Officer A. E. Hernandez joined the female officer and ordered Plaintiff to get out of his vehicle. *Id.* at ¶ 18-19. Plaintiff exited the vehicle, and "was immediately pounced upon and roughly dragged to the back of the car [where] the officer proceeded to pummel [Reed], pulled him down, got on top of him with his knee in [Reed's] back and continued to beat him with his fists. Another officer, who also held him down with his knee on [Reed's] head and beat him, joined Officer Hernandez. [Reed] made no effort to resist the officers, physically or verbally; but he was overpowered with the surprise attack." *Id.* at ¶ 19-21. Plaintiff was arrested for resisting arrest and transported to the Galveston County Jail for booking. *Id.* at ¶ 28.

On September 9, 2014, Alan Reed, Vernon Reed, and Darlene Reed filed their Original Complaint (Dkt. 1) against the Texas City Police Department, the City of Texas City, and Officer Hernandez alleging various state and federal causes of action stemming from the traffic stop and arrest of Plaintiff Alan Reed. On January 2, 2015, the Defendants filed a Motion to Dismiss Plaintiffs' Original Complaint. Dkt. 9. Three days later, this Court granted Defendants' Motion to Dismiss (Dkt. 10) and dismissed the following claims <u>with prejudice</u>:

> (1) all claims against the Texas City Police Department because it is not a separate legal entity from the City of Texas City;
>
> (2) all state law claims against the City of Texas City and Officer Hernandez, in his official capacity, because, as a matter of law, they are immune to such claims;
>
> (3) all state law claims against Officer Hernandez, in his individual capacity, because under 101.106(f) of the Texas Civil Practice and Remedies Code he is not liable; and
>
> (4) all federal bystander claims against the City of Texas City and Officer Hernandez, in his official and individual capacities.

All of Alan Reed's federal claims against the City of Texas City and Officer Hernandez, in his official and individual capacities, were dismissed <u>without prejudice</u> to their refiling.

On February 5, 2015, Alan Reed was granted leave to file his Amended Complaint (Dkt. 15). Because their federal bystander claims were dismissed, Vernon Reed and Darlene Reed did not join in the Amended Complaint. Although this Court allowed Plaintiff to amend his federal causes of action against Officer Hernandez, Alan Reed chose not to do so. As a result, the only claim asserted in Plaintiff's Amended Complaint is a 42 U.S.C. § 1983

excessive force action against Defendant City of Texas City.[1]

## II. RULE 12(b)(6) MOTION TO DISMISS

On February 9, 2015, Defendant Texas City filed its Motion to Dismiss Plaintiff's Amended Complaint for the failure to state a claim. Dkt. 18. Plaintiff did not file a response.

### A. Motion to Dismiss Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the miscon-

duct alleged." *Id.* "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dept. of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir.2008).

██ "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[2] *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (internal citations and quotation marks omitted); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").

### B. Plaintiff has Failed to State a Claim Upon Which Relief Can be Granted

██ In his Amended Complaint, Plaintiff alleges that "[t]he Defendant, acting under color of law and in concert with one another, unlawfully arrested, assaulted, used force against, seized, and detained the plaintiffs without probable cause, or reasonable suspicion that any violation or crime had been committed. Those actions violate the Plaintiffs rights to due process, to equal protection, give rise to Plaintiffs claims pursuant to the Fourth Amendment applicable to the States by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, and their counterparts in the Texas Constitution." Dkt. 15 at ¶ 49.

---

1. The Court notes that Plaintiff's Amended Complaint is nearly identical to his Original Complaint and that no new facts or causes of action have been added through the amendment. Although Plaintiff's Amended Complaint attempts to reassert state law causes of action for "Assault," "Battery," and "False Arrest/Illegal Detention/False Imprisonment," these claims were previously dismissed with prejudice by this Court (Dkt. 10) and will not be addressed further.

2. Contemporaneous with Plaintiff's Motion for Leave to File an Amended Complaint, Plaintiff's counsel filed a Motion to Withdraw as Attorney. Dkt. 13. On February 5, 2015, this Court granted the Motion to Withdraw. Dkt. 16. Although Plaintiff is currently *pro se,* the Court notes that Plaintiff was represented by counsel during the filing of both his Original and Amended Complaints.

Defendant argues that Plaintiff's Complaint must be dismissed because Texas City cannot be held vicariously liable for the constitutional violations of its officers or employees and Plaintiff has failed to identify any specific policy or custom that led to his injury. The Court agrees.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.").

A local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights can only be considered an official government policy where the failure to train amounts to "deliberate indifference" to the rights of persons with whom the employee comes into contact. *Id.; see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989). " '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997).

Here, Plaintiff alleges that Texas City "failed to adequately train [or] reprimand any of the officers," and that the officers' conduct was "objectively unreasonable, resulted from their lack of training, and comported with Texas City's illegal de facto policies." Dkt. 15 at ¶ 49-50. However, these allegations do not state, other than in conclusory fashion, factual matter that indicates that the City of Texas City had an official policy to violate constitutional rights or were otherwise "deliberately indifferent" to the rights of its citizens. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.1984); *Clark v. La Marque Indep. Sch. Dist.*, 54 Fed.Appx. 412 (5th Cir.2002) ("A plaintiff raising a constitutional claim against a municipality must identify the policy, connect the policy to the municipal body, and show that the particular injury occurred because of the execution of the policy."); *see also Connick*, 131 S.Ct. at 1360 ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."). Accordingly, accepting Plaintiff's factual allegations as true, Plaintiff's Amended Complaint fails to contain sufficient factual matter to state a plausible claim for relief against Texas City. *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

Although a court should freely grant leave to amend under Federal Rule of Civil Procedure 15(a), "[a] district court does not abuse its discretion in denying leave to amend if amendment would be futile." *Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 610 (5th Cir.2014); *see also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2015) ("a proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied."). Prior unsuccessful amendments may also justify granting dismissal with prejudice. *See*

*Priester v. JP Morgan Chase Bank, N.A.,* 708 F.3d 667, 678 (5th Cir.2013).

Because Plaintiff has already amended his complaint in response to a Motion to Dismiss and has failed to correct the deficiencies in his pleadings, the Court finds that any additional amendments to Plaintiffs complaint would be futile. Accordingly, Plaintiff's Amended Complaint (Dkt. 15) is hereby **DISMISSED WITH PREJUDICE.**